Filed 6/26/15  P. v. Daniels CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL DANIELS,<br><br>    Defendant and Appellant. | B261777<br><br>(Los Angeles County<br>Super. Ct. No. BA301458) |

APPEAL from an order of the Superior Court of Los Angeles County.  Drew E. Edwards, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

In 2008, a jury convicted Michael Daniels of one count of driving under the influence and causing bodily injury to another (Veh. Code, § 23153, subd. (a)), and one count of driving with a blood alcohol level of .08 percent or more and causing bodily injury to another (Veh. Code, § 23153, subd. (b)). As to each count, the jury also found Daniels personally inflicted great bodily injury within the meaning of Penal Code section 12022.7, subdivision (b). The trial court found Daniels suffered three prior strike convictions (Pen. Code §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(c)), four prior serious felony convictions (Pen. Code § 667, subd. (a)), and had served four prison terms (Pen. Code § 667.5, subd. (b)). He was sentenced to 45 years to life in state prison.[1] In December 2014, Daniels filed a petition seeking resentencing under Proposition 47, the Safe Neighborhood and Schools Act (Pen. Code § 1170.18 ; Proposition 47 or the Act). The trial court denied the petition. We affirm.

## FACTS

We detailed the underlying facts in a nonpublished opinion deciding Daniels's direct appeal from the jury conviction (*People v. Daniels*, B208132, Aug. 31, 2009). Those facts are not at issue here. In December 2014, Daniels sought resentencing under Proposition 47. The trial court denied the petition. At a hearing on the petition, the court explained the matter was not eligible for resentencing under Proposition 47.

## DISCUSSION

Appellant filed a timely notice of appeal. We appointed appellate defense counsel. On June 3, 2015, appellant's appointed counsel filed an opening brief raising no issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On the same day, we notified appellant by letter that he could submit within 30 days any ground of appeal,

---

[1]    These details were set forth in an unpublished opinion we issued in April 2013, affirming a trial court order denying Daniels's petition for writ of certiorari (*People v. Daniels,* B242614, April 30, 2013), and in an unpublished opinion we issued in July 2014, affirming a trial court order denying Daniels's petition for resentencing pursuant to Proposition 36, the Three Strikes Reform Act. (*People v. Daniels*, B254602, July 9, 2014.)

contention, or argument which he wished us to consider. Daniels filed a response. We briefly address his contentions.

Daniels asserts he was denied effective assistance of counsel due to the inadequate performance of his appointed counsel on appeal. Daniels contends: "Counsel in this specific instance did not provide a meritorious argument to conclude that the Appellant is eligible or suitable to be resentenced pursuant to California Penal Code section 1170.18 (a-h)." Daniels then appears to argue the trial court erred in failing to make certain findings. He also appears to argue he was improperly denied the right to challenge information the court relied upon to deny his petition for resentencing. We reject these arguments.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). [Citation.] To this end, Proposition 47:(1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4–14, pp. 70–74.)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

As Daniels stated in his own petition for resentencing, he was convicted of violations of Vehicle Code section 23153, subdivisions (a) and (b), as well as a great bodily injury enhancement under Penal Code section 12022.7, subdivision (b). These convictions are not within the scope of Proposition 47. Proposition 47 applies to defendants who have been convicted of violations of Health and Safety Code sections 11350, 11357, or 11337 or Penal Code sections 459.5, 473, 476a, 490.2, 496 or 666. (Pen. Code, § 1170.18, subd. (a).) Daniels sought "recall and resentencing" for the Vehicle Code section 23153 convictions, which are not within the scope of Proposition 47.

We also reject the contention that the trial court failed to make required findings when denying Daniels's petition for resentencing.  Upon receiving a petition for resentencing under Proposition 47, the trial court first determines whether the petitioner has presented a prima facie basis for relief under section 1170.18.  (§ 1170.18, subd. (b).)  Daniels's own petition made clear he was not eligible for resentencing for the 2008 convictions because they are not covered by the Act.  No additional findings or proceedings were necessary.  (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7.)

The record does not support a claim that the trial court erred in denying Daniels's petition for resentencing, or a claim that Daniels's appointed appellate counsel was ineffective for filing a *Wende* brief.

We have independently reviewed the record submitted on appeal, and are satisfied that Daniels's appointed counsel has fulfilled his duty, and that no arguable issues exist.  (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.


                                                    BIGELOW, P. J.

We concur:



            RUBIN, J.



            GRIMES, J.