Filed 10/8/15  P. v. Gonzalez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040708 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS101065A) |
| v. | |
| MIGUEL ANGEL GONZALEZ, | |
| Defendant and Appellant. | |

On July 20, 2011, defendant Miguel Angel Gonzalez was convicted by a jury of one count of possession of a weapon by a prisoner (Pen. Code, § 4502, subd. (a))[1] and, in a bifurcated proceeding, admitted two prior strike convictions (§ 1170.12, subd. (c)(2)). Gonzalez was sentenced under the Three Strikes law to an indeterminate term of 25 years to life, consecutive to any other term he was presently serving.

In 2013, Gonzalez petitioned for resentencing under the Three Strikes Reform Act of 2012 (Reform Act), passed by the voters as Proposition 36.  The trial court denied the petition without a hearing, concluding Gonzalez was ineligible for resentencing because he was "armed with a deadly weapon" during the commission of the current offense.

On appeal, Gonzalez argues the trial court improperly denied his petition without a hearing at which he could have presented defenses to the allegation he was armed with a deadly weapon.  He also contends he should have been found eligible for resentencing

---

[1] Unspecified statutory references are to the Penal Code.

because:  (1) the arming factor was not pleaded and proved at the time of his conviction, and (2) there was no "tethering" offense to which the arming factor applied.

We agree the trial court erred in concluding that Gonzalez was armed with a deadly weapon and will reverse the order denying his petition for resentencing.  We reject his other arguments.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Recitation of facts*[2]

"Defendant, an inmate at Salinas Valley State Prison, approached a correctional officer in the yard on January 29, 2010, complaining of abdominal pain.  Defendant told the officer he needed to go see a doctor.  Defendant was taken to the prison's treatment facility, where he told a nurse that he placed something in his rectum a few days earlier.  An x-ray was taken at the treatment facility, which revealed what was described as a wrapped 'dark object' containing metal.  Defendant was transferred to Natividad Medical Center in Salinas, California.

"There, he informed medical personnel that the object he had lodged earlier in his rectum had shifted, causing pain.[3]  The treating doctor performed a colonoscopy on defendant, and was able to remove the wrapped object.  The item was approximately five inches in length and a half an inch wide.  At trial, correctional officers testified that the

---

[2] We recite the facts of Gonzalez's underlying conviction from our opinion in his prior appeal, *People v. Gonzalez* (Feb. 27, 2013, H037851 [nonpub. opn.]), and from the record in that appeal, of which we take judicial notice.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] "A probation officer interviewed defendant at Salinas Valley State Prison on December 21, 2011, about the incident.  During the interview, defendant told the probation officer that a fellow inmate gave him the wrapped object and told him to hold it.  Defendant stated that he did not know what the object was, but that if a 'Northerner' asked you to do a favor, you do it.  Defendant also told the probation officer that he 'probably' would not have taken the object if he knew it was a knife."

2

object was plastic with a metal tip sharpened at one end, which could be used as a stabbing weapon."

The trial court, having denied Gonzalez's pretrial *Romero*[4] motion, sentenced him to an indeterminate term of 25 years to life.

    B.    *Gonzalez's petition for resentencing under the Reform Act*

On June 4, 2013, Gonzalez, through the public defender's office, filed a petition for recall of sentence under section 1170.126. The trial court denied the petition by written order dated January 30, 2014, finding Gonzalez ineligible for resentencing because it concluded he was "armed with a deadly weapon" within the meaning of section 1170.126, subdivision (e)(2). The trial court stated the basis for its conclusion, as follows: "Although this weapon was admittedly unavailable to petitioner after being placed in his rectum, the weapon was clearly available for offense [*sic*] or defensive use at some pint [*sic*] prior to insertion. He was therefore armed with a deadly weapon during the commission of his current offense and precluded from resentencing."

This appeal followed.

**II.**    **DISCUSSION**

    A.    *The Three Strikes Reform Act*

In the November 6, 2012 election, California voters approved Proposition 36, the so-called Three Strikes Reform Act of 2012. Prior to the passage of Proposition 36, the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) required that a defendant convicted of two prior serious or violent felonies be subject to a sentence of 25 years to life upon conviction of a third felony. As amended by the Reform Act, section 1170.12, subdivision (c)(2)(C), and section 667, subdivision (e)(2)(C), now mandate that a defendant with two or more strikes who is convicted of a felony that is neither serious nor

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

violent be sentenced as a second strike offender unless "the prosecution pleads and proves" one or more disqualifying factors.

The Reform Act also added section 1170.126, which allows eligible inmates who are currently subject to 25-years-to-life sentences under the Three Strikes law to petition the court for resentencing. "Section 1170.126, subdivisions (a) and (b), broadly describe who is eligible to file a petition and to be resentenced. Subdivision (a) of section 1170.126 states: 'The resentencing provisions under this section and related statutes *are intended to apply exclusively* to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence.*' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 (*Teal*).) "Subdivision (b) of section 1170.126 states: 'Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence. . . .*' " (*Id.* at p. 599.)

Subdivision (e) of section 1170.126 addresses eligibility more specifically. It provides that an inmate is "eligible for resentencing" if (1) he or she is "serving an indeterminate term of life imprisonment" imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies" and (2) his or her current and prior convictions are not for certain designated offenses. (§ 1170.126, subd. (e)(1); *Teal*, *supra*, 60 Cal.4th at p. 600.) An eligible prisoner "shall be resentenced" as a second strike offender unless the court determines that resentencing him or her "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

4

"[E]ligibility is *not* a question of fact that requires the resolution of disputed issues. The *facts* are limited to the record of conviction underlying a defendant's commitment offense; the statute neither contemplates an evidentiary hearing to establish these facts, *nor any other procedure for receiving new evidence beyond the record of conviction*. [Citation.] What the trial court decides is a question of *law*: whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility." (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7, third set of italics added (*Oehmigen*).) In *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*), the court decided that, in determining the "armed with a deadly weapon" disqualifying factor, the trial court is limited to the record of conviction because the language and framework of Proposition 36 relating to that determination was similar to that involved in determining whether a prior conviction may be proved as an enhancement under *People v. Guerrero* (1988) 44 Cal.3d 343. (*Bradford*, *supra*, at p. 1338.) Accordingly, the trial court may look to the "relevant, reliable, admissible portions of the record of conviction to determine disqualifying factors." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 800 (*Brimmer*).)

The initial eligibility determination must be made on the record of conviction and the record of conviction alone. (*Bradford*, *supra*, 227 Cal.App.4th at p. 1339; *Oehmigen*, *supra*, 232 Cal.App.4th at p. 7.) As noted in *Bradford*, "[r]egarding eligibility, the current statute contains no procedure permitting the trial court to consider new evidence outside of the record of conviction . . . . To do so would impose a cumbersome two-step process in which the trial court would be required to consider new evidence at two stages of the proceedings. Had the drafters of Proposition 36 intended the trial court to consider newly offered 'evidence' at the eligibility stage, they would have included express language of the type they did to describe the nature of the court's later, discretionary sentencing determination." (*Bradford*, *supra*, at p. 1339.)

5

B.      *The record of conviction demonstrates Gonzalez was not armed with a*
        *deadly weapon in committing the current offense*

Gonzalez argues the trial court should have held a hearing on the subject of whether he was armed with a weapon, at which point he could have presented evidence to support his defenses of duress and necessity. While we reject the idea that Gonzalez was entitled to an evidentiary hearing on the question of his eligibility for resentencing, we conclude the trial court nonetheless erred in concluding, under the facts of this case, that Gonzalez was armed with a deadly weapon at the time of the current offense.

To be armed with a weapon, the defendant must have "the specified weapon *available for use*, either offensively or defensively." (*People v. Bland* (1995) 10 Cal.4th 991, 997, italics added.) In *People v. White* (2014) 223 Cal.App.4th 512 (*White*), the Court of Appeal addressed whether defendant's conviction for unlawful possession of a firearm in violation of former section 12021, subdivision (a)(1)[5] was sufficient to establish that he was armed with a firearm. The court noted the statutory elements of that crime were that a person, " 'who has previously been convicted of a felony, had in his or her *possession* or under his *custody or control* any firearm.' " (*White*, *supra*, at p. 524.) However, "[a]lthough the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm . . . such an act is not an essential element of a violation of [former] section 12021[, subdivision] (a) because a conviction of this offense also may be based on a defendant's *constructive* possession of a firearm." (*Ibid*.) Accordingly, "while the act of being armed with a firearm--that is, having ready access to a firearm [citation]--necessarily requires possession of the firearm, *possession* of a firearm *does not necessarily require that the possessor be armed* with it. For example, a convicted felon may be found to be a felon in

_____

[5] Effective January 1, 2012, former section 12021(a) was repealed and reenacted without substantive change as section 29800, subdivision (a). (See Cal. Law Revision Com. com. & Historical and Statutory Notes, 51D, pt. 4, West's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 194.)

possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it." (*Ibid.*, italics added.)

Constructive possession, therefore, is not sufficient to establish that a defendant is *armed* for purposes of the resentencing exclusion at issue in this case. Rather, the prosecution must show that the weapon was *available* for the defendant's immediate use during the commission of the crime. (See *People v. Bland*, *supra*, 10 Cal.4th at p. 997; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1313-1314 ["[N]ot *every* commitment offense for unlawful possession . . . *necessarily* involves being armed with the [weapon], if the [weapon] is not otherwise available for immediate use in connection with its possession, e.g., where it is under a defendant's dominion and control in a location not readily accessible to him at the time of its discovery."].)

In this case, the facts are clear that the weapon in question was not "available for immediate use" by Gonzalez at the time it was discovered. In fact, the only reason the weapon was discovered in the first place was because Gonzalez could *not* access it. It is not enough that Gonzalez had the weapon available for offensive or defensive use for some unknown period of time prior to secreting it inside his rectum. An inmate who hides a weapon in his cell similarly is armed with the weapon up until the time that he conceals it. If the inmate is later removed from the cell and placed in restraints while his cell is searched, is he too "armed" with the weapon that correctional officers discover during that search? If so, there would be no distinction between physical and constructive possession of a weapon and anyone convicted of violating section 4502, subdivision (a) would be automatically ineligible for resentencing under the Reform Act. We do not think that the Reform Act was intended to erase the distinction.

The trial court, therefore, erred by concluding that Gonzalez was armed with a deadly weapon at the time of the commission of his offense and was thus statutorily

7

ineligible for resentencing under sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii).

    C.       *No pleading and proof requirement in resentencing proceedings*

Gonzalez contends the "ordinary meaning of the statutory language" of the Reform Act does not permit a defendant to be found ineligible for resentencing due to the fact that, "[d]uring the commission of the current offense" he or she "was armed with a . . . deadly weapon," unless that fact was pleaded and proved when the defendant was convicted of the current offense. (§§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) We disagree.

This court recently held in *People v. Chubbuck* (2014) 231 Cal.App.4th 737 (*Chubbuck*), that a prosecutor is not required to plead and prove *any* of the disqualification factors set forth in section 1170.126. (*Chubbuck*, *supra*, at p. 740.) *Chubbuck* endorsed the analysis set forth in many other recent published decisions from our sister Courts of Appeal, such as *White*, *supra*, 223 Cal.App.4th 512, *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*), *People v. Blakely* (2014) 225 Cal.App.4th 1042, *People v. Elder*, *supra*, 227 Cal.App.4th 1308, and *Brimmer*, *supra*, 230 Cal.App.4th 782. (*Chubbuck*, *supra*, at p. 745.)

As in the present case, the defendant in *Chubbuck* argued that " 'a fair reading' " of the Reform Act " 'compels a conclusion' that the pleading and proof language of section 1170.12, subdivision (c)(2)(C) applies to the disqualifying factors referenced in section 1170.126, subdivision (e)(2)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 746.) In other words, because the Reform Act expressly requires the prosecution to plead and prove the disqualifying factors at the initial sentencing of a potential third strike defendant, the prosecution must also plead and prove the disqualifying factors for anyone seeking resentencing under the Reform Act. *Chubbuck* expressly rejected this argument, pointing out that the Reform Act "explicitly distinguishes between the procedures

8

applicable to resentencing and the procedures applicable prospectively, to defendants who are being sentenced for a new offense." (*Ibid.*)

Gonzalez next argues his current third strike sentence was not imposed for being armed with a deadly weapon which is one of "the offenses appearing in . . . clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Gonzalez claims that the provision can be construed as describing an "offense," *only* if it is read in conjunction with the pleading and proof language of section 1170.12, subdivision (c)(2)(C).

*Chubbuck* rejected this same argument: "While section 1170.126, subdivision (e)(2) 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C), nothing in the language of section 1170.126[, subdivision] (e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language.' " (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747, quoting *White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

Lastly, Gonzalez argues "the rule of lenity" supports his interpretation of section 1170.126, subdivision (e)(2). However, "the rule of lenity 'applies " 'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' [Citation.] As stated above, we find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748.)

D.      *No "tethering" requirement in resentencing proceedings*

Gonzalez argues in a supplemental opening brief he should be found eligible for resentencing because there was no "separate, 'tethering' felony offense" besides his mere possession of a deadly weapon. In support of this argument, Gonzalez cites several statutes which impose sentence enhancements for being armed "in the commission of the

9

current offense" and notes that case law has uniformly held that those arming enhancements may be imposed only where there was a separate connected felony charge beyond simple possession of a deadly weapon.

The arming enhancement statutes cited by Gonzalez[6] all use the phrase "in the commission of a felony or attempted felony" whereas the Reform Act uses the phrase "[d]uring the commission of the current offense." (§ 1170.12, subd. (c)(2)(C)(iii).) The distinction makes a difference, as explained in *Osuna*. "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the [Reform] Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' [Citation.] In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) "Since the [Reform] Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the [Reform] Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Ibid*.; *Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799.) We find no fault with the analysis in *Osuna* and therefore conclude the Reform Act does not mandate

___

[6] Specifically, section 12022, subdivision (a)(1) (one year enhancement for any person "armed with a firearm in the commission of a felony or attempted felony"); section 12022, subdivision (b)(1) (one year enhancement where person "personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony"); and section 12022.5, subdivision (a) (three, four or 10 year enhancement for person "who personally uses a firearm in the commission of a felony or attempted felony").

exclusion for resentencing only where there is a separate tethering felony in which the defendant is armed with a deadly weapon.

## III.  DISPOSITION

The order denying Gonzalez's petition is reversed.  The matter is remanded to the superior court with directions to set a hearing on the question of whether resentencing Gonzalez would pose an unreasonable risk of danger to public safety, in accordance with Penal Code section 1170.126, subdivision (f).

_____
                   Premo, J.

WE CONCUR:

_____
     Rushing, P. J.

_____
     Elia, J.

<u>People v. Gonzalez</u>
H040708