Filed 1/7/16  P. v. Ducksworth CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DEVON ANTHONY DUCKSWORTH,<br><br>     Defendant and Appellant. | E063432<br><br>(Super.Ct.No. RIF1203270)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Devon Anthony Ducksworth appeals after the trial court
denied his petition for resentencing to a misdemeanor offense under the provisions of
Penal Code section 1170.18.  We affirm.

1

FACTS AND PROCEDURAL HISTORY

In June 2012, defendant was charged by a felony complaint with one count of grand theft, in violation of Penal Code section 487, for stealing property with a value over $950. The complaint alleged that the same charge constituted a violation of defendant's preexisting probation in an earlier case. Defendant entered a plea of guilty to the court on the new charge and admitted the probation violation. At the oral plea hearing, defendant admitted that he "took somebody's bike that was worth more than $950."

At sentencing, the trial court denied probation and sentenced defendant to state prison on the new offense to the low term of 16 months. Defendant was given credit for 500 days of service (250 days actual service, and 250 days of conduct credits under Pen. Code, § 4019). He was released on parole and ordered to report to the nearest parole office. The court also imposed various fees and fines as part of the judgment.

In February 2015, defendant filed a petition for resentencing or reclassification, pursuant to Penal Code section 1170.18. Penal Code section 1170.18 was enacted as part of the Safe Neighborhoods and Schools Act, Proposition 47, which was passed by the voters on November 4, 2014, and went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new

2

definitions in Proposition 47, may petition for resentencing or, if the sentence has been completed, for redesignation of the former offense as a misdemeanor. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Defendant's petition indicated that he sought resentencing on the underlying 2012 offense, grand theft, in violation of Penal Code section 487. Defendant averred that he was currently serving a sentence for that offense, and that he believed the value of the property involved did not exceed $950. The People responded that a conviction of grand theft (theft of property over $950 in value) was not a felony that qualified for resentencing. The People pointed to the felony complaint, which indicated that defendant "did willfully and unlawfully steal and take and defraud money, labor, real and personal property . . . of a value exceeding Nine Hundred Fifty Dollars ($950.00) to wit: TREK BIKE." The trial court, by minute order and without a hearing, denied defendant's resentencing petition on the ground that the property loss was over $950.

Defendant filed a notice of appeal on April 24, 2015, and an amended notice of appeal on May 6, 2015. The amended notice of appeal specified that the appeal was from the ruling denying defendant's petition for recall of sentence under Penal Code section 1170.18.

ANALYSIS

Upon defendant's appeal, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493],

3

setting forth a brief statement of the case. Counsel has also asked this court to undertake a review of the entire record.

Defendant has been offered the opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the entire record and find no arguable issues.

Appointed counsel suggested two possible issues to be considered: First, whether defendant's admissions at his plea hearing—i.e., that the property stolen exceeded $950 in value—rendered him ineligible for relief under Penal Code section 1170.18; and, second, whether a petition for resentencing may properly be denied without holding a formal hearing.

As to the first issue, we are satisfied that defendant's express admissions on the record that he committed the violation (grand theft) as alleged, including taking property worth more than $950, sufficiently establishes that defendant's conviction was not for theft of property under the value of $950.

As to the second issue, Proposition 47 expressly provides that a petition under Penal Code section 1170.18, subdivision (f), for redesignation of an offense as a misdemeanor, when the defendant has completed serving the sentence for the crime, may be granted or denied without the necessity of a hearing. (Pen. Code, § 1170.18, subd. (h).) When a defendant has not completed serving the sentence for the offense, and the defendant therefore files a petition under Penal Code section 1170.18, subdivision (a),

4

requesting resentencing or recall of a sentence, the relevant provision does not include a parallel provision expressly stating that no hearing is necessary before granting or denying the petition. We note that, at the time of sentence, defendant was credited with 500 days of custody service, both actual and by an award of credits. A credit of 500 days of service was more than sufficient to account for the entire prison term of 16 months, and the court ordered defendant admitted immediately to parole. It is therefore questionable whether defendant correctly indicated that his petition was for recall of sentence and resentencing under Penal Code section 1170.18, subdivision (a), rather than for redesignation of the offense as a misdemeanor under Penal Code section 1170.18, subdivision (f). In any event, by analogy to the Three Strikes Reform Act of 2012 (Proposition 36), eligibility for resentencing under the relevant provision is not a question of fact that requires the resolution of disputed issues. The facts are limited to the record of conviction underlying a defendant's commitment offense; the statute does not necessitate an evidentiary hearing to establish these facts. What the trial court decides is a question of law: whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility. Due process therefore does not require a hearing on the threshold criteria that establish entitlement to resentencing. (See *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7.) Here, the record was clear, and presented no arguable issue, that defendant's offense was, and remained, a felony. At the time of defendant's plea, the value of the property taken was adjudicated to be over $950, as established by defendant's express acquiescence to his guilt of the offense as charged

5

in the complaint, and by his admission in open court of the factual basis that he had taken property of a value in excess of $950.

## DISPOSITION

The appeal presents no arguable issues.  The order denying defendant's petition for resentencing or for redesignation of his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.

6