Filed 2/2/16  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064418 |
| v. | (Super.Ct.No. RIF083076) |
| KEVIN ANTHONY JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.

Affirmed.

Kevin Anthony Jones, in pro. per.; and Robert Booher, under appointment by the

Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kevin Anthony Jones appeals from an order denying his

petition for recall of his indeterminate life term under Penal Code section 1170.126,

subdivision (f).[1]  We will affirm the order.

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

1

I

FACTUAL AND PROCEDURAL BACKGROUND

In October 1998, defendant committed a bank robbery.

On October 27, 1998, a felony complaint was filed charging defendant with one count of robbery (Pen. Code, § 211). The complaint further alleged that defendant had suffered two prior prison terms (§ 667.5, subd. (b)) for a 1990 robbery and a 1985 attempted kidnapping; and 18 prior serious felony convictions (§ 667, subd. (a)) for the 1990 robbery, a 1985 assault with intent to commit rape, two 1985 attempted robberies, 13 1985 robberies, and the 1985 attempted kidnapping. The complaint also alleged that defendant had suffered 18 prior strike convictions (§§ 1170.12, subd. (c)(2), 667, subds. (c) & (e)(2)) for the offenses noted above.

Following a court trial on February 17, 1999, defendant was found guilty as charged. The court also found true that defendant had suffered a prior strike conviction, two prior serious felony convictions, and one prior prison term.

On April 23, 1999, the trial court sentenced defendant to a total determinate term of 11 years and a total indeterminate term of 25 years to life in state prison with credit for time served.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act of 2012 (the Reform Act). Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing

court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

On July 30, 2015, defendant filed a petition to recall his sentence pursuant to section 1170.126, subdivision (b). On that same day, the trial court denied the request, finding defendant was ineligible for resentencing under the Reform Act.

Defendant filed a timely notice of appeal on September 9, 2015.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant argues the trial court erroneously denied his petition without a hearing and without a thorough review of the factors related to his prior strikes and concurrent conviction. Defendant further asserts that the trial court erred in concluding he was ineligible for resentencing without a hearing under the Reform Act.

3

As previously stated, on November 6, 2012, the voters approved Proposition 36, the Reform Act, which amended sections 667 and 1170.12 and added section 1170.126. The Reform Act changes the requirements to sentence a third strike offender to 25 years to life in prison. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).) Under the Three Strikes law as it existed prior to the Reform Act (former §§ 667, subds. (b)-(i), 1170.12), a defendant who had previously been convicted of two or more serious or violent felonies was subject to an indeterminate sentence of 25 years to life upon his or her conviction of any new felony. The Reform Act changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a serious or violent felony, unless the prosecution pleads and proves an enumerated disqualifying factor. In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender. (*Yearwood*, at pp. 167-168, citing §§ 667, 1170.12; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286 (*Kaulick*).)

The Reform Act also created a "post-conviction release proceeding" (§ 1170.126, subd. (m)) whereby a three strikes prisoner who is serving an "indeterminate life sentence" (*Id*., subd. (a)) for a crime that was not a serious or violent felony—and who is not otherwise disqualified—may have his or her sentence recalled and be resentenced as a second strike offender, unless the court "determines that resentencing . . . would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f); *Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

4

As the court explained in *Yearwood,* a "prisoner is eligible for resentencing as a second strike offender if all of the following are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12, subdivision (c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170, citing § 1170.126, subd. (e).) If the prisoner satisfies these criteria, "the prisoner shall be resentenced as a second strike offender 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Yearwood*, at p. 170.)

Defendant's commitment offense of robbery is a violent felony under section 667.5, subdivision (c)(9). Under section 1192.7, subdivision (c)(19), robbery is a serious felony. Hence, the Legislature and the voters have precluded this defendant from any reconsideration of sentence based on Proposition 36 and its reform. Defendant was ineligible for resentencing under the Reform Act, and we reject defendant's contentions. As our Supreme Court has recently explained, a defendant serving an indeterminate third strike sentence is only eligible for relief under Proposition 36 if his or her commitment offense was not a serious or violent felony, and he or she is not disqualified from resentencing due to an exception in the law, such as the exception for having previously

been convicted of a sexually violent offense. (*People v. Johnson* (2015) 61 Cal.4th 674, 682.) Even then, the court may deny a petition for resentencing if it believes the defendant would pose an unreasonable risk to public safety. (*Ibid.*)

There is nothing in the text of Proposition 36 that authorizes the trial court to conduct a hearing on the constitutionality of a defendant's prior strike convictions. It is also reasonable to presume the voters never intended for such hearings to take place in Proposition 36 proceedings. In this regard, we must remember courts " 'may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used.' " (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925.)

Proposition 36 "merely provides a limited mechanism within which the trial court may consider a reduction of the sentence below the original term. . . ." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336 (*Bradford*).) Consequently, Proposition 36 proceedings are "distinguishable from other sentencing proceedings," and any sentencing reduction must be carried out in accordance with its stated terms. (*Ibid.*) Since there is nothing in Proposition 36 that authorizes a collateral attack on a prior strike conviction, the trial court was not empowered to conduct a hearing to review the factors related to his prior strike convictions in this case.

We also reject defendant's claim that the trial court erred in denying his petition without a hearing. "[D]ue process does not command a hearing on the threshold criteria that establish entitlement to resentencing." (*People v. Oehmigen* (2014) 232 Cal.App.4th

6

1, 7, italics omitted; see *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1298-1299, fns. 21 and 23 [suggesting that, if only the undisputed record of conviction is considered on the question of eligibility, a defendant does not have a right to a hearing on the issue]; *Bradford*, *supra*, 227 Cal.App.4th at p. 1337 [an evidentiary hearing is not contemplated by the statute at the initial eligibility stage].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The order denying defendant's request to recall his sentence and to be resentenced pursuant to section 1170.126 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.

7