Filed 2/11/16  P. v. Todd CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C078684 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR76668, NCR90756) |
| v. | |
| HOWARD MONROE TODD, | |
| Defendant and Appellant. | |

Defendant Howard Monroe Todd filed a petition pursuant to Penal Code section 1170.18[1] to recall the sentences in 2009 and 2014 convictions for second degree burglary of a commercial establishment.  This provision provides retrospective relief in accord with the prospective redesignation of certain offenses as misdemeanors in a 2014 voter

---

[1] Undesignated statutory references are to the Penal Code.

1

initiative. As to these three convictions, the trial court denied the petition, finding they were not eligible for retrospective reduction to misdemeanors.[2]

Defendant contends that the prosecutor failed to rebut the presumption that the conduct underlying his 2009 conviction (which he labels "the Purple Rose Café" case) was the least offense included in section 459, which is akin to the new misdemeanor of shoplifting less than $950 in property during the regular business hours of a commercial establishment (§ 459.5) enacted as part of the 2014 initiative. He further argues that the factual basis for his 2014 plea to second degree burglary and possession of stolen property (the "Shell/7-Eleven" case) also established violations of section 459.5. He claims he is thus entitled as a result to resentencing of all three counts of conviction under section 459.5 as misdemeanors. He also contends that the trial court erred in failing to appoint counsel to litigate his eligibility, elicited statements from him at the hearing on the petition in violation of his privilege against self-incrimination, and should be directed to appoint counsel in the event we reverse and remand the order denying the petition. We shall affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, after the enactment of section 1170.18, defendant filed his form petition (which appears to be a form that the trial court drafted). It asserted his 2014 convictions, for which he had received a sentence of three years eight months in county jail, had been reclassified under this statute as misdemeanor violations of section 459.5 and section 496, and he did not represent an unreasonable risk of danger to public safety (§ 1170.18, subd. (c)). He therefore requested the court to resentence him accordingly. The petition did not include any other supporting information about the 2014 convictions,

---

[2] The trial court granted the petition as to an August 2013 conviction in a third case and gave defendant credit for time served, which consequently is not part of this appeal.

2

or include any information about the 2009 or 2013 convictions. The prosecution's form response simply checked the box asserting that the "specified offenses are not eligible" for resentencing. It also did not include any supporting information.

At the hearing on the petition, the prosecutor was present. Defendant appeared in propria persona. Defendant asserted that in the 2014 convictions, he had "used a bank card at a store . . . [and i]t was under $100." The prosecutor responded that "use[ of] stolen credit cards to commit the theft . . . is not classic shoplifting" coming within section 459.5. The prosecutor also asserted that the 2009 conviction involved a theft outside of ordinary business hours. Defendant did not offer any rebuttal to this characterization. As noted in footnote 2, *ante*, the trial court reduced the 2013 conviction (for a violation of § 496) to a misdemeanor and otherwise denied the petition as to the 2009 and 2014 convictions.

## DISCUSSION

The parties allude to a broad range of facts underlying the convictions in the 2009 and 2014 cases. However, the parties do not establish that the trial court took *any* of these materials into consideration in making its ruling. We do note that the trial judge who ruled on the petition was the trial judge who received defendant's guilty plea on the first day of trial in the 2014 case—the stipulated factual basis of which was a police report—and sentenced him to county jail and mandatory supervision (with a consecutive term for the violation of probation in the 2013 case). However, other trial judges received defendant's July 2009 guilty plea—the stipulated basis of which was the transcript of the preliminary hearing—and granted probation in August 2009 after suspending imposition of sentence. (After a fourth violation, yet another trial judge ultimately revoked probation in Mar. 2013 and imposed sentence.) We will address the extent to which any of this is pertinent anon.

3

We note at the outset that the People contend section 1170.18 cannot apply to a negotiated plea. Authority is to the contrary. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 651.) Although the People ask that we come to a different conclusion, we note that this holding has not been the subject of any criticism since it was filed in April 2015, and has been followed in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244, 248, petition for review pending, petition filed December 28, 2015, S231489. Absent good reason, we will adhere to it.

Defendant asserts the absence of any evidence introduced in connection with the petition inures to the detriment of the prosecution, because defendant believes that his limited representations in the petition were sufficient to demonstrate his entitlement prima facie to relief, at which point it was the prosecution's burden to produce evidence of his ineligibility. He is incorrect.

Unlike section 1170.126, which is primarily concerned—in defining a defendant's eligibility for resentencing of an indeterminate life sentence imposed for recidivism under section 667, subdivision (e)—with the nature *on their face* of the commitment and prior convictions,[3] section 1170.18 is *entirely* concerned with whether the conduct *underlying* a prior conviction would be one of the specified misdemeanors in subdivision (a) (or included by operation of law under one of the specified misdemeanors). In particular, this involves a showing that the value of the property involved in the prior conviction is less than $950. As a result, a defendant does not establish eligibility prima facie absent a showing in a petition (whether evidentiary, or by means of a declaration at least based on information and belief) that the prior conviction meets these criteria. (*People v. Sherow*

---

[3] The exception disqualifies a defendant for conduct *underlying* these convictions if it involves personal use of a firearm, being armed with a firearm or deadly weapon, or an intent to inflict great bodily injury. (§ 1170.126, subd. (e)(2) [cross-referencing § 667, subd. (e)(2)(C)(iii)].)

(2015) 239 Cal.App.4th 875, 879-880 (*Sherow*) [based on principle that party has burden of proof of facts essential to claim for relief, a petition devoid of any showing that prior conviction eligible for resentencing is insufficient]; accord, *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 [rejecting a claim that defendant is presumptively entitled to relief absent prosecution's proof to contrary].)  As noted above, defendant's petition is devoid of *any* showing that his prior convictions satisfy the criteria of section 1170.18.  The trial court was therefore entitled to make a summary denial of the petition without holding a hearing (cf. *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7 (*Oehmigen*) [§ 1170.126]).  As a result, any of the representations at that hearing (none of which amounted to stipulations regarding the underlying conduct) are irrelevant to the disposition of the petition.  (*People v. Triplett* (Feb. 8, 2016, C078492) ___ Cal.App.4th ___, ___ [2016 Cal.App. Lexis 92 at pp. *10-*11, *13, *17-*18].)  We therefore do not need to reach defendant's doubtful contention that the trial court should have first advised him of his privilege against self-incrimination before making his statements about the circumstances of the Shell/7-Eleven case in attempting to establish eligibility.

Given that the trial court's own form failed to communicate to defendant the need to establish the conduct underlying his prior convictions in order to demonstrate his eligibility for relief, it would be appropriate to affirm the order "without prejudice to subsequent consideration of a proper[] . . . petition." (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.)  We therefore return to the other facts included in the record on appeal to decide whether this would be an idle act.

We will hazard a presumption that a busy trial court would recall the factual basis for a plea over which it presided.  The factual basis (the police report) for the Shell/7-Eleven case is not part of the record on appeal.  However, the probation report (which we emphasize would not properly be part of the record of conviction for the purpose of determining defendant's eligibility for resentencing (*Oehmigen*, *supra*,

5

232 Cal.App.4th at p. 5)), purported to summarize its contents. The victim discovered that her debit card was missing, and there were two unauthorized charges on her statement. The amounts were slightly over $16 and $28. The owner of the 7-Eleven identified defendant as the person using the debit card in a surveillance video. When contacted, defendant returned the victim's debit card to the police, but claimed someone else had given it to him to use with authorization to sign her name. Whether or not this constitutes a larceny for purposes of section 459.5 by operation of section 490a[4] is at least debatable (*People v. Triplett, supra*, ___ Cal.App.4th at p. ___ [2016 Cal.App. Lexis 92 at pp. *14-*18], a point not properly before us at present. In any event, defendant should have the opportunity to make a proper showing of the facts underlying the offense and litigate the question of whether this conduct is a misdemeanor under section 459.5. If these facts arguably establish eligibility, defendant is entitled to counsel for the purpose of input in the form of briefing on the issue. (Cf. *Oehmigen*, *supra*, 232 Cal.App.4th at p. 7 [§ 1170.126].)

As for the Purple Rose Café case, the factual basis was the transcript of the preliminary hearing, which again is not included in the record on appeal. However, the probation report purported to summarize the police reports, which asserted that defendant had been involved as a passenger in a traffic stop in which the police found a flat-screen television in the back seat as to which everyone disclaimed any ownership interest. The owner of the Purple Rose Café had reported the television and other items were missing when he arrived to open the establishment and found the door pried open. Defendant was a former employee who admitted committing the crime at 4:00 a.m. (claiming he felt his

---

[4] Section 490a provides, "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." Fraudulent use of an access card is a form of theft. (§ 484g.)

Christmas bonus had been inadequate).  Therefore, even if the value of the television may have been less than $950, it would be an idle act to give leave to file a new petition with respect to this conviction unless defendant can establish that, contrary to the probation report's summary, the police report indicates it in fact occurred during regular business hours.

## DISPOSITION

The order denying the petition to recall sentence is affirmed without prejudice to the subsequent consideration of a proper petition in case No. NCR90756.


                                                                    BUTZ              , J.


We concur:


        BLEASE          , Acting P. J.


        DUARTE         , J.