Filed 5/20/16  P. v. Jones CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>ARTHUR RAY JONES,<br><br>     Defendant and Appellant. | F070261<br><br>(Super. Ct. No. 1099818)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nan Cohan Jacobs, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Kane, Acting P.J., Detjen, J. and Peña, J.

**INTRODUCTION**

In a nonpublished opinion, *People v. Jones* (July 7, 2007, F050810) (*Jones*), this court affirmed the conviction of defendant Arthur Ray Jones for felony possession of heroin (Health & Saf. Code, § 11350). We further affirmed the finding that defendant had three prior serious felony convictions within the meaning of the three strikes law (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12) and his sentence of 25 years to life.[2]

On July 17, 2014, pursuant to the resentencing provisions of Proposition 36, the trial court heard and denied defendant's petition for resentencing, finding defendant ineligible. Defendant contends he was denied his right to participate in the hearing and the case should be remanded for resentencing. We reject this contention and affirm the trial court's ruling.

**FACTS AND PROCEEDINGS**

In *Jones*, we affirmed the trial court's denial of defendant's request to strike one or more of his prior felony convictions. Defendant's prior felony convictions occurred in 1968, consisting of instances of oral copulation by force (former § 288, subd. (b)) and sodomy by force (former § 286.1) perpetrated while defendant was housed in the Fresno County jail. As we stated in *Jones*, "the sordid details … are recounted in *People v. Jones* (1970) 10 Cal.App.3d 237, 241-242."

Defendant filed his own petition to recall his sentence pursuant to Proposition 36 on March 22, 2013. On page 3 of defendant's petition, he executed a waiver of his right to personally appear at the hearing, "being aware of his right to be present at all stages of the proceedings." The waiver further stated the undersigned petitioner "hereby requests the court to proceed during every absence of the Petitioner that the court may permit

---

[1]Unless otherwise designated, all statutory references are to the Penal Code.

[2]On February 6, 2015, this court granted defendant's request to take judicial notice of our opinion in *Jones*, *supra*, F050810.

pursuant to this waiver, and hereby agrees that his interest is represented at all times by the presence of his attorney or the Public Defender the same as if the Petitioner were personally present in court, and further agrees that notice to Petitioner's attorney or the Public Defender that Petitioner's presence in court on a particular day at a particular time is required is notice to the Petitioner of the requirement of Petitioner's appearance at that time and place."

The People filed an opposition to defendant's petition. The People noted that under sections 667, subdivision (e)(2)(C)(iv)(I), and 1170.12, subdivision (c)(2)(C)(iv)(I), persons are ineligible for resentencing under Proposition 36 if they commit sexually violent offenses as set forth in Welfare and Institutions Code section 6600.

As the People noted, defendant had been convicted in the late 1960's of former sections 286.1 (acting in concert to commit sodomy by force) and 288, subdivision (b) (acting in concert to commit oral copulation by force). Both sections were repealed in 1975 and replaced, respectively, with section 286, subdivision (d)(1), and section 288a, subdivision (d)(1).[3] Both the old statutes and revised statutes proscribed forcible sexual conduct. Violations of sections 286, subdivision (d)(1), and 288a, subdivision (d)(1), fall within the definition of sexually violent offenses as described in subdivision (b) of Welfare and Institutions Code section 6600.

Between March 26, 2014, and July 14, 2014, the hearing on defendant's petition was continued several times. On March 26, 2014, there is an entry in the clerk's minutes that defendant was ordered to appear. At two subsequent hearings, defendant's appearance was excused. On April 3, 2014, the hearing on the petition was continued

---

[3]The People's opposition to defendant's petition referred, apparently in error, to the second revised statute as being section 288, subdivision (d)(1). Section 288 proscribes lewd and lascivious conduct on minors, and although section 288 has a subdivision (d), it does not have subdivision (d)(1). We attribute the mistake in the People's brief to scrivener's error.

3.

and the public defender noted defendant's personal appearance was waived. Thereafter, the clerk's minutes noted defendant's presence at the hearing was excused.

On July 17, 2014, the court heard defendant's petition to recall his sentence. The parties submitted the matter based on their pleadings. The court found pursuant to Welfare and Institutions Code section 6600 that defendant's prior convictions for forcible sexual acts made him statutorily ineligible for resentencing pursuant to Proposition 36.

On September 3, 2014, defendant filed a second petition to recall his sentence. On this occasion, defendant expressly wrote that he did not waive his right to be present at the hearing. The trial court filed a minute order on September 12, 2014, noting defendant's petition had been previously denied on July 17, 2014, and denying defendant's second petition for resentencing.

## DISCUSSION

### *Introduction*

Defendant contends his right to be present at the hearing on his petition for resentencing was violated and the case must be remanded so he can be personally present during the resentencing hearing. Defendant further argues his right to confrontation under the Sixth Amendment of the United States Constitution was also violated. The People reply defendant waived his right to be present at the hearing, defense counsel did not seek defendant's presence at the hearing, and defendant has forfeited this issue on appeal. The People further contend on the merits that because the initial Proposition 36 hearing was an eligibility hearing, defendant does not have a right to be present at this phase of the resentencing hearing. We agree with the People's arguments and reject defendant's contentions.

### *Proposition 36*

On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126. Proposition changed the requirements for sentencing a third strike offender to

an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law, a recidivist with two or more prior strikes who was convicted of any new felony was subject to an indeterminate life sentence. Proposition 36 restricted the three strikes law by reserving the life sentence for cases where the current offense is a serious or violent felony, or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist is sentenced as a second strike offender. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In addition to reforming three strikes sentencing for defendants convicted after the effective date of Proposition 36, the initiative also added section 1170.126 to provide for retroactive reform of existing three strikes sentences imposed before the effective date of the initiative. Section 1170.126 "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." (*People v. White* (2014) 223 Cal.App.4th 512, 517, review den. Apr. 30, 2014, S217030.)

In *People v. White*, *supra*, 223 Cal.App.4th 512, the court rejected an argument similar to defendant's. It held the defendant there was ineligible for resentencing under section 1170.126 because "the record of conviction," which consisted of the trial evidence and appellate record, established he had a firearm in his possession and was personally armed in the commission of the underlying offenses, even though he was not charged with an arming enhancement. (*White*, *supra*, at pp. 525–526.) *White* further held the prosecution was not required to plead and prove charges and/or enhancements supporting facts to disqualify him from resentencing under Proposition 36. (*White*, at pp. 526–527.)

5.

A series of cases have reached the same conclusion as *White* and hold the superior court may review the documents contained in the entire record of the qualifying conviction to determine if the defendant is ineligible for resentencing, including prior appellate opinions, and the prosecution is not required to plead and prove any of the disqualifying factors set forth in section 1170.126. (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 740, 747; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 798–800; *People v. Guilford* (2014) 228 Cal.App.4th 651, 660; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314–1317; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030–1032, 1038-1039.)

***Waiver and Forfeiture***

Section 1170.126, subdivision (i) provides that notwithstanding section 977, subdivision (b), which generally requires the defendant's presence during all felony proceedings, "a defendant petitioning for resentencing may waive his or her appearance in court for the resentencing, provided that the accusatory pleading is not amended at the resentencing, and that no new trial or retrial of the individual will occur. The waiver shall be in writing and signed by the defendant." When defendant filed his own petition pursuant to Proposition 36, he expressly waived his personal presence at the resentencing hearing. The procedure for a defendant waiving his or her presence at the resentencing hearing was followed here, and defendant's presence at the hearing was not statutorily required.

Also, defense counsel ultimately proceeded with the hearing without objecting to his client's presence at the hearing. Generally, matters not raised and developed to the trial court are forfeited for later appellate review. (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14; *People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151.) Defendant has forfeited this contention for appellate review.

***Merits of Defendant's Contention***

In *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, the court recognized that a petition to recall a sentence entailed a three-part procedure pursuant to section 1170.126, subdivision (f): "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether the resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Kaulick*, *supra*, at p. 1299.) The defendant has a right to appear for the second and third determinations, though this right can also be waived pursuant to subdivision (i) of section 1170.126. (*Kaulick*, at pp. 1299-1300.)

The initial eligibility determination is not a discretionary determination by the trial court. Only after making this determination does the statute describe any exercise of discretion by the trial court. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336.) The statute does not require the trial court to hold a hearing concerning eligibility criteria, and there is no reference to an evidentiary hearing at this stage of the hearing. (*Id*. at p. 1337.)

Indeed, there is no due process right to a hearing on the issue of eligibility. The statute affords the defendant a right to a hearing only after the court has decided the question of the defendant's eligibility. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7.) Eligibility does not involve questions of fact requiring resolution of disputed issues. The facts are limited to the record of conviction. The trial court's determination is a question of law: "whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility." (*Id*. at p. 7; see *People v. Superior Court (Kaulick)*, *supra*, 215 Cal.App.4th at p. 1298, fn. 21.)

Based on these authorities, we conclude defendant had no due process or Sixth Amendment right to be present at the hearing on his eligibility for resentencing under Proposition 36. As for defendant's second petition for resentencing, determination of

7.

eligibility does not require a hearing on the issue. (*People v. Oehmigen*, *supra*, 232 Cal.App.4th at pp. 6-7; *People v. Bradford*, *supra*, 227 Cal.App.4th at p. 1341.) Further, defendant was not entitled to a second determination of his eligibility, and the doctrines of collateral estoppel (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341) and res judicata (*In re Reno* (2012) 55 Cal.4th 428, 506) barred defendant from filing a second petition on the same grounds and no new facts as the first petition heard on July 17, 2014.

In addition to the procedural infirmities to defendant's contention on appeal, it fails on the merits.

## DISPOSITION

The trial court's denial of defendant's petition for resentencing pursuant to Proposition 36 is affirmed.