Filed 9/28/16  P. v. Gomez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN GOMEZ,<br><br>    Defendant and Appellant. | F070393<br><br>(Super. Ct. No. 02CM7150)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P.J., Detjen, J. and Smith, J.

Appellant Steven Gomez appeals from the order denying his petition for recall of sentence pursuant to Penal Code section 1170.126.[1] Appellant contends the trial court wrongly concluded he was ineligible for resentencing because his current sentence was for a disqualifying offense under section 1170.126, subdivision (e)(2). Appellant further contends the trial court violated his due process rights by not inviting further briefing on appellant's eligibility or appointing counsel to further develop this issue. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2002, in response to the filing of an amended information, appellant pled guilty to the crime of involuntary manslaughter under section 192, subdivision (b), and further admitted to three prior felony convictions and to the fact that the crime occurred while appellant was confined in state prison. As a third strike offender, appellant was sentenced to a term of 25 years to life with the possibility of parole, ordered to run consecutive to a sentence appellant was already serving for different crimes.

The amended information was filed after appellant's preliminary hearing in May 2002. At that hearing, several witnesses testified regarding appellant's allegedly illegal conduct. In June 2001, appellant was confined as a prisoner at the Corcoran State Prison. He shared his cell with an inmate named Sean Patrick Gallagher. On the morning of June 28, 2001, medical technical assistant Sue Savage attempted to bring Mr. Gallagher his medicine. When she arrived at Mr. Gallagher's cell, Ms. Savage found the lights out, appellant at the door, and Mr. Gallagher lying in his bed. Ms. Savage eventually had appellant turn on the light and attempt to rouse Mr. Gallagher. At that point she noticed Mr. Gallagher was nonresponsive and breathing irregularly. Upon further investigation, Ms. Savage saw that Mr. Gallagher's face and arms were grossly swollen, that he had a

---

[1] All statutory references are to the Penal Code unless otherwise noted.

laceration over his eye, something gray coming out of his nose, and dried blood underneath him.

Correctional Sergeant John Montgomery questioned appellant regarding the incident leading to Mr. Gallagher's injuries on two different occasions. Appellant claimed he and Mr. Gallagher had been drinking homemade wine in the cell when a fight occurred. In the first conversation, appellant admitted to putting Mr. Gallagher in a headlock and that, when taking him down, Mr. Gallagher was rendered unconscious after striking his head on the bunk beds. Appellant then placed Mr. Gallagher in his bunk, cleaned up the blood, and went to bed. Appellant further noted, "I must have kicked his ass because I have bruises on my hand." In the second conversation, appellant claimed he could not remember the fight, but recalled seeing Mr. Gallagher laying on the floor by the toilet and cleaning up blood he found on the floor the next morning.

Mr. Gallagher later died from his injuries. Investigator Bruce Darling, of the Kings County District Attorney's Office, testified to the results of the subsequent autopsy. Mr. Gallagher ultimately died "due to respiratory failure, which was caused by severe brain damage, which was in turn caused by blunt force trauma to the head area." The blunt force trauma leading to death was a skull fracture on the right side of the head. This facture would have been caused by "a hard object striking the head area repeatedly" or by "being kicked repeatedly or [having] the head striking against a hard object numerous times." The injuries were consistent with Mr. Gallagher's head being hit against a metal toilet.

At the plea hearing, the following factual basis for the plea was given: "On or about June 27th, 2001, [appellant], while an inmate at Corcoran State Prison became involved in a fight with his cellmate. As a result of that fight and the ensuing delay in medical care for that cellmate, the cellmate died." Appellant then inquired of the court, "This is a nonserious felony I am being convicted of, right?" The prosecutor initially responded "[t]hat's correct," before a longer discussion between the prosecutor, the court,

3

and the defendant resulted in the court explaining "[a]lthough it's not one of the specifically enumerated serious felonies, it is a serious felony" under the three strikes law. Appellant then confirmed he understood everything that had been discussed and pled guilty.

On September 17, 2014, appellant filed a petition for recall of sentence pursuant to section 1170.126. Appellant alleged he was eligible for resentencing on his involuntary manslaughter conviction because it was not an offense listed in section 667, subdivisions (e)(2)(c)(i)-(iii), and asked the court to take judicial notice of the court file in his prior case. The court denied appellant's petition by written order, without requesting additional briefing or holding any hearings, finding appellant did not qualify for resentencing because his conviction qualified as a serious felony under section 1192.7, subdivision (c)(8). This appeal timely followed.

## DISCUSSION

Appellant contends the trial court could not conclude that he personally inflicted great bodily injury upon Mr. Gallagher because, to reach this conclusion, the trial court had to credit evidence from the preliminary hearing over the stated factual basis for his plea.[2] We disagree.

### *Standard of Review and Applicable Law*

" 'On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended [Penal Code] sections 667 and 1170.12 and added

---

[2] Appellant also argues that his conviction could not qualify as a serious felony under section 667 both because it was not punishable by life imprisonment and because the amended information struck a notice in the prior allegation that the crime was a serious or violent felony. There is no dispute that appellant's conviction does not carry a life term outside of the Three Strikes statutory scheme. However, it is not the case that failing to plead or prove that appellant's crime was a serious felony prevents a later finding of ineligibility. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332-1333 (*Bradford*).) Thus, the fact such an allegation was removed from the pleading has no bearing on whether the crime committed was a serious or violent felony.

4

[Penal Code] section 1170.126 (hereafter the Act).… The Act … created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)' " (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026 (*Osuna*).)

To qualify for resentencing, a petitioner must satisfy three criteria. (§ 1170.126, subd. (e)(1)-(3).) Pertinent to this appeal, to be eligible the petitioner must be "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Subdivision (c) of section 1192.7 defines a serious felony as "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice," among other bases. (§ 1192.7, subd. (c)(8).)

The trial court is tasked with determining whether a petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) "[A] trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.)

As the trial court's eligibility determination is factual in nature, we review that determination for substantial evidence. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286; *Bradford*, *supra*, 227 Cal.App.4th at p. 1331; *see also People v. Woodell* (1998) 17 Cal.4th 448, 461 [in determining whether prior offense was qualifying for three strikes review, "a reasonable trier of fact could find beyond a reasonable doubt that the North Carolina trial court impliedly found that defendant was convicted of the assault because

5

of his personal use of a deadly weapon, and not because of vicarious liability for weapon use by some third party"].).

### *Substantial Evidence Supports the Trial Court's Determination*

It is apparent from the preliminary transcript in this matter that appellant personally inflicted great bodily injury on a person in the course of committing involuntary manslaughter. The evidence introduced at that hearing showed appellant had fought with Mr. Gallagher and, in the course of that fight, caused a substantial cranial fracture and severe swelling to Mr. Gallagher's body. If this evidence is properly considered by the trial court, it is substantial evidence in favor of the court's order.

Appellant argues, however, that this evidence was not properly considered by the trial court when determining appellant's eligibility for resentencing. Appellant's argument rests on the assertion that the trial court necessarily credited evidence from the preliminary hearing over appellant's guilty plea admissions and, thus, improperly resolved factual disputes regarding appellant's conduct. This argument fails for at least two related reasons.

First, we find no relevant conflict between appellant's admissions and the preliminary hearing transcript. The factual basis stated for appellant's plea was that appellant "became involved in a fight with his cellmate. As a result of that fight and the ensuing delay in medical care for that cellmate, the cellmate died." Nothing in this recitation of fact suggests that appellant either did not inflict great bodily injury on Mr. Gallagher or contested that such harm occurred. While appellant argues he only admitted to being in a fight, after which Mr. Gallagher's delayed medical care resulted in death, the factual statement is more detailed, noting that it was both "[a]s a result of the fight and the ensuing delay in medical care" that Mr. Gallagher died. The admission that Mr. Gallagher's death resulted in some way from the fight conforms with the evidence adduced at appellant's preliminary hearing showing that the fight resulted in a cranial fracture consistent with substantial blows to the head.

Second, the preliminary hearing transcript is properly part of the record of conviction, upon which the trial court may rely even when additional facts are detailed in the plea colloquy.  As a base principle, "a trial court determining whether an inmate is eligible for resentencing under section 1170.126 may examine [all] relevant, reliable, admissible portions of the record of conviction to determine the existence of a disqualifying factor."  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048–1049 (*Blakely*).)  Preliminary hearing transcripts are properly considered part of the record of conviction.  (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *People v. White* (2014) 223 Cal.App.4th 512, 519, fn. 4 [facts derived from the preliminary hearing transcript].)

While appellant relies on *People v. Wilson* (2013) 219 Cal.App.4th 500 for the proposition that the court could not resolve questions regarding appellant's conduct by referring to the broader record of conviction, that case is not controlling.  "Cases limiting consideration to the elements of the offense and evidence presented to the trier of fact do not constrain a court where, as here, the issue is eligibility for a lesser sentence than the one already properly imposed."  (*Blakely*, *supra*, 225 Cal.App.4th at p. 1063.)  "It follows that a trial court determining eligibility for resentencing under the Act is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted.  Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors."  (*Ibid.*)

As the trial court could properly consider the preliminary hearing transcript, we find no abuse of discretion in its conclusion that appellant was not eligible for resentencing.

### *Entitlement to Counsel or Additional Briefing*

Citing *Bradford*, *supra*, 227 Cal.App.4th at p. 1322, appellant argues that because his conviction does not constitute a serious felony, the court was required to provide him counsel and/or an opportunity to brief the issue.  With respect to the propriety of seeking

7

additional briefing on eligibility issues, *Bradford* concludes that "if the petitioner has not addressed the issue and the matter of eligibility concerns facts that were not actually adjudicated at the time of the petitioner's original conviction (as here), the trial court should invite further briefing by the parties before finding the petitioner ineligible for resentencing." (*Id.* at p. 1341.) However, even if we were to agree with *Bradford's* conclusion, appellant cannot show the failure to request additional briefing was prejudicial error. Appellant has been able to fully brief the issue on appeal and the permissibly-considered record evidence supports the trial court's determination. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 8.)

Turning to appellant's assertion counsel should have been provided at the eligibility phase of his Proposition 36 petition, appellant cites no case law supporting his claim and identifies no request for counsel in the record. Contrary to his position, the right to counsel generally does not arise at the eligibility phase of postsentencing proceedings. (See *People v. Shipman* (1965) 62 Cal.2d 226, 232–233 [counsel need not be appointed in connection with a writ of *coram nobis*, in the absence of adequate factual allegations stating a prima facie case]; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300-301 [finding right to counsel attaches at the resentencing stage under Proposition 47].) We therefore find no error in the failure to appoint counsel sua sponte.

## DISPOSITION

The order is affirmed.