Filed 12/5/14

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

**(Sacramento)**

----

| | |
|---|---|
| THE PEOPLE, | C073771 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F00832) |
| v. | |
| LEONARD ELDYN[1] OEHMIGEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Sacramento County denying the petition for recall of defendant's sentence, Gary S. Ransom, Judge. Affirmed.

Diane L. Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

---

[1] The notice of appeal, defendant's briefing on appeal, and several documents misspell defendant's middle name as "Eldin." We use the spelling of "Eldyn" as reflected in the record.

1

In January 2013, defendant Leonard Eldyn Oehmigen filed a petition for the recall of his April 1998 indeterminate life sentence pursuant to Penal Code section 1170.126.[2] The statute, enacted as part of a November 2012 initiative measure, provides retrospective relief under narrow criteria from indeterminate life sentences imposed for recidivism. Defendant alleged that he was eligible for resentencing because his 1998 commitment conviction—assault with force likely to inflict great bodily injury—was not a "serious" or violent felony (§ 1170.126, subd. (e)(1)), and neither his commitment conviction nor his other prior felony convictions came within other disqualifying criteria (*id*., subd. (e)(2) & (3)). As a result, he alleged he was entitled to a determinate sentence of double the normal term applicable to his conviction (i.e., the same sentence a defendant would receive under the prospective amendments to the recidivist sentencing statutes enacted as part of the same initiative). (*Id*., subd. (f); see § 667, subd. (e)(1).)[3] (Defendant also filed a second recall petition in connection with a later case (No. 05F02375) for bringing contraband into prison while serving his indeterminate life sentence.)

The present trial court (Hon. Gary S. Ransom)[4] denied the recall petition in case No. 97F00832 without a hearing. Its order relied on the prosecutor's statement of the factual basis for defendant's change of plea in January 1998, which neither defense

_____

[2] Undesignated statutory references are to the Penal Code.

[3] As defendant has pursued relief from a final conviction pursuant to section 1170.126, we do not need to address the contretemps regarding whether a defendant whose sentence is not yet final on appeal is entitled to application of the revised sentencing provisions without filing a petition for recall pursuant to section 1170.126. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 [no retroactive effect].) The issue is presently pending in the Supreme Court. (See, e.g., *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275.)

[4] The original sentencing judge (Hon. Janice Hayes) was not available any longer. (§ 1170.126, subds. (b), (j).)

counsel nor defendant had challenged. The trial court found (beyond a reasonable doubt, in an abundance of caution)[5] that defendant was both armed with deadly weapons *and* intended to inflict great bodily injury during the commission of the commitment conviction, and thus his commitment conviction was ineligible for recall for resentencing. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).) It accordingly denied the petition in the present case; it set the other petition (case No. 05F02375) for briefing and argument on various issues (for which reason it is not part of the present appeal).

The parties both assert this is an appealable order. The Supreme Court has recently resolved the debate over this issue, agreeing that an order finding a defendant ineligible is appealable. (*Teal v. Superior Court* (2014) ___ Cal.4th ___ [2014 Cal. Lexis 10481 at p. *2].) On the merits, we agree with the trial court's conclusion that defendant's record of conviction demonstrates he was armed with a deadly weapon in the form of a car during the commission of his commitment offense, and therefore defendant is ineligible for resentencing. (As a result, we do not reach the alternate bases for the order.) This court shall therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

To expand upon the details noted in the introduction, defendant's petition to recall his sentence (which the public defender filed on his behalf) alleged in conclusory fashion that based on the nature of his prior convictions on their face—the 1998 commitment conviction of assault with force likely to cause great bodily injury, and two other prior convictions for burglary of the first degree in 1983 and 1984—they were not subject to any of the exclusions from resentencing for *commitment* convictions that either are serious or violent felonies (§ 1170.126, subd. (e)(1)) or came within other excluded

---

[5] Defendant does not contest the trial court's conclusions that he was not entitled to a jury determination of eligibility and that proof only by a preponderance of evidence was necessary, so we do not address them further.

categories of felonies (*id*., subd. (e)(2)), or were *prior* convictions involving the felonies specified in subdivision (e)(3) of the statute (cross-referencing § 667, subd. (e)(2)(C)(iv)). Upon receipt of the petition, the trial court reviewed its records of the 1998 conviction.

Initially charging defendant with assault by means of a deadly weapon and by means of force likely to result in great bodily injury (as well as four other counts), the prosecutor later filed an amended information charging him with assault only by means of force likely to result in great bodily injury of two police officers (as well as six other counts). At the change-of-plea hearing, the prosecution announced its willingness to accept a plea to the assault charge with a stipulated disposition of an indeterminate term of 25 years to life, in exchange for dismissal of the other charges and enhancements. In response to the request of Judge Hayes for the factual basis, the prosecutor stated (to paraphrase) that defendant, who had stolen a car, drove it in a reckless manner for several miles on Highway 50 and Hazel Avenue while police were in pursuit; at the end of the pursuit, he turned the car around and drove it at one of the police cars, which had to make an evasive maneuver to avoid a "substantial[ly] certain[]" collision. Defendant crashed into a house. Police found a small-bore pistol "in the vicinity" of the car, and three pipe bombs "in the car" (the prosecution not elaborating further on the exact location of either). When asked if he or defendant wished to respond to these facts, defense counsel declined any comment. Defendant thereafter entered his plea of guilty to assault and admitted having two prior convictions for burglary.

The probation report (which ordinarily is not part of the record of conviction (*People v. Trujillo* (2006) 40 Cal.4th 165, 179-180)) summarized the facts contained in the police report of the incident. These were in accord with the factual basis that the prosecutor had recited (providing more details, including the fact that live pipe bombs were found in a bag on the front seat, and the gun was on the ground near where defendant had opened the car door). In his statement to the police, defendant had denied

4

any knowledge of the pipe bombs or the pistol. Defendant also told the probation officer that he did not believe he was guilty of assaulting the officers, just evading them.

At sentencing, defense counsel acknowledged reviewing the probation report with defendant, and did not have any further comment on it. Defense counsel agreed it would be accurate for the court to add an interlineation to the probation report indicating that it was the act of driving the car at the pursuing police car that was the basis for the count to which defendant had entered his plea (rather than his struggles with the arresting officers in the backyard of the house, which turned out to be his home). Defense counsel stated, "That's what we pled to and that's what the officer said in the police report."

Judge Ransom's order concluded that the failure of defendant or his attorney to object to the prosecutor's recitation of the factual basis for the plea was an adoptive admission he could consider as part of the record of conviction, citing *People v. Sample* (2011) 200 Cal.App.4th 1253, 1261-1265 (*Sample*) (factual recitation made without objection after plea, where defendant had further opportunity to address court before sentencing, was adoptive admission in record of conviction to prove that out-of-state conviction was a serious felony within meaning of § 667, subd. (d)(2)). In the trial court's view, these facts were sufficient to prove that defendant's commitment conviction involved both being armed with multiple deadly weapons (the car, pistol, and bombs) *and* the intent to inflict great bodily injury on his pursuers. Defendant was thus ineligible for a recall of his sentence pursuant to section 1170.126, subdivision (e)(2).

## DISCUSSION

### I. No Due Process Right to Hearing on Eligibility

Defendant contends he was entitled to an evidentiary hearing on the issue of his eligibility for resentencing. He cites general principles of due process, and analogizes to the requirement of an evidentiary hearing on a petition for habeas corpus upon a prima

5

facie showing of relief based on a contested issue of fact (see Cal. Rules of Court, rule 4.551(f)).

In the first place, defendant's argument rests on an unduly atomized reading of the entitlement under section 1170.126 that due process protects. The statute accords him the right to a *resentencing hearing* only upon a showing that he is *eligible*. It is not a right to a hearing on the issue of eligibility, followed by the hearing on whether he would present a risk of danger to the public if resentenced. As the trial court found, there is contrasting language in subdivisions (f) ("[*u*]*pon recei*[*pt*] [of] a petition for recall . . . *the court shall determine* [eligibility]," italics added) and (*i*) ("a defendant petitioning for resentencing *may waive . . . appear*[*ing*] *in court* for the resentencing," italics added). In addition, subdivision (m) contemplates a hearing preceding the *resentencing*. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1297-1298 & fn. 20 [finding People have due process right to notice and opportunity to be heard on issue of danger to public at such hearing].) Defendant does not address this statutory dichotomy on appeal, so we are not under any duty to analyze this point of the trial court's ruling any further.

In the second place, eligibility is *not* a question of fact that requires the resolution of disputed issues. The *facts* are limited to the record of conviction underlying a defendant's commitment offense; the statute neither contemplates an evidentiary hearing to establish these facts, nor any other procedure for receiving new evidence beyond the record of conviction. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337, 1339 (*Bradford*).) What the trial court decides is a question of *law*: whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility. Therefore, this is not analogous to a hearing on a petition for habeas corpus.

Finally, due process does not command a *hearing* on the threshold criteria that establish entitlement to resentencing. In a context more analogous than a petition for habeas corpus, it does not violate the due process rights of parties in a dependency

6

proceeding for a juvenile court to refuse to hold *any* hearing on a motion for modification (Welf. & Inst. Code, § 388) unless there are allegations adequate to establish a prima facie showing of the necessary criteria of changed circumstances and benefit to the minor; nor is the court obliged to hold an *evidentiary* hearing even upon a prima facie showing, as opposed to entertaining argument as to whether the allegations establish the right to relief. (*In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1463 [right of due process compels hearing only after prima facie showing of changed circumstances]; *In re E.S.* (2011) 196 Cal.App.4th 1329, 1339-1340 [due process does not require evidentiary hearing on motion]; *In re Heather P.* (1989) 209 Cal.App.3d 886, 891 [leaving to court the determination of prima facie showing does not violate due process].)[6]

Similar to the limited reach of due process in the context of modification petitions, we recently held that the parties to a section 1170.126 proceeding are entitled to a limited "additional procedural protection[]" of their right under due process to be heard (*Bradford*, *supra*, 227 Cal.App.4th at p. 1337.) The petitioner has a right to provide "input" in the form of briefing "if the petitioner has not addressed the issue [of eligibility in the petition] and the matter of eligibility concerns facts that were not actually adjudicated at the time of the petitioner's original conviction (as here)"; the People also have the right to submit a brief in response if the trial court sets a hearing on dangerousness (indicating that it made a preliminary determination of eligibility) in order to highlight facts in the record they assert establish ineligibility. (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1340, 1341.)

---

[6] We note also the suggestion in *People v. Superior Court* (*Kaulick*), *supra*, 215 Cal.App.4th at pages 1298 to 1299, footnotes 21 and 22, that if only the undisputed record of conviction is considered on the question of eligibility, a defendant does not have a right to a hearing on the issue.

7

Defendant complains the failure of the trial court to solicit briefing in the process of ruling on eligibility left him "unable to challenge the legal bases [on which] the court was relying." However, he has failed to establish prejudice in the context of this case: The facts in the record are undisputed, and he *presently* has an advocate to challenge the *legal* bases of the trial court's ruling in *this* court. Any legal error in the trial court is therefore no more prejudicial on appeal than legal error on undisputed facts in a motion for summary judgment. Accordingly, his due process interest in an accurate resolution of eligibility for resentencing is protected.

In his reply brief, defendant asserts that *People v. White* (2014) 223 Cal.App.4th 512 has "tacitly" held that a hearing on eligibility is required. Under the fundamental principle of ratio decidendi, there cannot be any such thing as a "tacit" holding. (*DeVore v. Department of California Highway Patrol* (2013) 221 Cal.App.4th 454, 461 [a holding is limited only to propositions expressly considered or those necessary to support express propositions on the facts before the court].) As the hearing in *White* was only an underlying happenstance rather than an integral part of the express or necessarily included propositions expressed in the opinion, it does not provide any support for defendant's argument, and would in any event be unpersuasive in light of our holding in *Bradford*. Consequently, defendant has failed to establish that due process requires a hearing on eligibility, or that his lack of input in the trial court prejudiced him in any fashion.

## II. On the Merits, the Ruling Does Not Establish "Prejudice"

As we understand defendant's reply briefing, he does not attack the actual basis of the trial court's ruling except to the extent that any error establishes prejudice from the failure either to provide an evidentiary hearing or to solicit briefing from defense counsel. Having determined that a hearing is *not* required and the absence of briefing was not prejudicial, this would seem to obviate ab initio any further need to address "prejudice."

We nonetheless address defendant's challenge to the substance of the trial court's ruling to forestall a request to recall the remittitur on the basis of appellate counsel's failure to take this opportunity to challenge the ruling on the merits (see *In re Richardson* (2011) 196 Cal.App.4th 647, 660-662 (*Richardson*) [denial of request to recall remittitur on basis of counsel's failure to raise appellate issue]), as the People have responded to the merits of the ruling at length in their briefing.

Defendant does not dispute the principle stated in *Sample* that *if* the silence of defendant and counsel in response to a prosecutor's recitation of the factual basis for a guilty plea constitutes an adoptive admission, then those facts are part of the record of conviction. (Accord, *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1120-1123 [but finding the prosecutor's recitation did not come within the hearsay exception for adoptive admissions because "*Alford* plea" (*North Carolina v. Alford* (1970) 400 U.S. 25, 37-38 [27 L.Ed.2d 162, 171-172]) does not admit truth of allegations in pleading guilty (so defendant does not have any motive to contest them) and defendant entered plea *before* prosecutor recited factual basis]; *People v. Sohal* (1997) 53 Cal.App.4th 911, 914, 916 [defense concession before entry of plea that prosecution could produce witnesses to support a factual recitation including personal use of a deadly weapon was adoptive admission]; cf. *Richardson*, *supra*, 196 Cal.App.4th at p. 667 [facts in prior opinion based on reliable hearsay exception, where prosecutor stated factual basis after plea accepted and defense counsel declined to comment or raise objection to court's determination of existence of factual basis for plea].)

Instead, defendant first adverts to *People v. French* (2008) 43 Cal.4th 36, in which (to satisfy the requirement of jury findings or admissions of all facts necessary to impose an aggravated sentence) the People argued on appeal that the defendant admitted the truth of the prosecution's postplea factual recitation because defense counsel had conceded postplea that there were witnesses who would support it. (*Id.* at pp. 42-43, 50.) *French*

9

initially ruled that the purported admission did not include any facts to support the aggravating factor of an abuse of a position of trust. (*French*, at p. 51.) *French* alternatively ruled that in any event defense counsel's concession that witnesses would testify *consistent* with the recited facts was a "careful" effort to refrain from agreeing that these facts were *true*, and thus could not be considered an admission. (*Ibid*.) But this latter holding does not establish any bar as a matter of law to the inclusion of adoptive admissions in the record of conviction; *French* simply concluded the circumstances did not give rise to an adoptive admission. (*French*, at p. 52; *Sample*, *supra*, 200 Cal.App.4th at p. 1264, fn. 9 [*French* calls for issue to be determined on case-specific basis]; *People v. Jennings* (2010) 50 Cal.4th 616, 661 [must assess whether circumstances would normally call for a response if hearsay statement is untrue in order to constitute adoptive admission].) At most, *French* might preclude reliance in the case at bar on defense counsel's similarly "careful" statement at sentencing, which simply acknowledged that the factual recitation and the probation report's factual summary both accurately reflected the contents of the police report without expressly agreeing that those contents were true, or counsel's stipulation to interline the pertinent facts in the probation report with a reference to the count to which they applied (again without any express indication that this was a truthful statement of facts). As we discuss below, however, the silence otherwise of counsel and defendant at the time of the factual recitation is sufficient to establish an adoptive admission here.

"Generally, both parties to a plea agreement are expected to pay careful attention during a plea colloquy . . . . The possibility of future consequences, including the application of habitual offender statutes, further necessitates [that] the parties ensure the record accurately reflects the factual basis for the plea. Therefore, except [where an *Alford* plea is involved], a defendant would normally and reasonably be expected to

10

object to . . . the . . . factual recital if [it] did not accurately reflect the circumstances of the offense . . . ." (*Sample*, *supra*, 200 Cal.App.4th at p. 1265.)

Here, defendant and counsel listened as the prosecutor described the offense as including the personal use of a car—ordinarily "capable of being used" in a deadly or dangerous fashion (*People v. Burton* (2006) 143 Cal.App.4th 447, 457 (*Burton*)) under almost any circumstance—to commit an assault on the two officers, without any indication that defendant's actions were inadvertent. (See *People v. Wright* (2002) 100 Cal.App.4th 703, 706 [pointing out that "a mistake of fact, which produced an error of law" in *People v. Williams* (2001) 26 Cal.4th 779, now makes negligence the minimum mental state for assault].) The probation report, though it cannot supply facts involving circumstances of the offense itself, nonetheless shows that defendant had been actively contesting the legal conclusion that his conduct constituted an assault; this demonstrates that his silence at the time of the plea was not inadvertent or unconsidered. Defendant fails to support his bald statements that he did not have any opportunity to contest the recited circumstances, that it is "sheer speculation" that he personally used the car in a manner rendering it a deadly weapon, or that the facts recited do not establish an intent to inflict great bodily injury as opposed to reckless indifference to that outcome. Even if the latter argument may be a colorable claim in light of the difficulty in giving *retroactive* effect to a criterion based on a mental state (that is subject *prospectively* to pleading and proof), this does not detract from the disqualifying facts of being irrefutably armed with a car and using it purposefully in a dangerous fashion (with whatever intent defendant may have had). (*Burton*, *supra*, 143 Cal.App.4th at pp. 451-452.) As for defendant's argument that the trial court could not have relied on any of the dismissed allegations or counts, we do not find any indication it did so, or that this would be prejudicial error in light of defendant's adoptive admission.

In short, if nothing else, the factual recitation at the time defendant entered his 1998 plea established that he was armed with a deadly weapon (purposefully driving a car at a police vehicle), and therefore did not qualify for resentencing.  (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).)  Given this evidence, it is unnecessary to decide whether the record of conviction established any other disqualifying criteria.  As a result, the trial court properly denied defendant's recall petition on the merits.

## DISPOSITION

The order denying the petition for recall of defendant's sentence is affirmed. (*CERTIFIED FOR PUBLICATION*)


                                                                    BUTZ            , J.


We concur:



          HULL           , Acting P. J.



          MURRAY        , J.


12

BUTZ, J., Concurring and Dissenting.

"Naturally I concur in the majority opinion I have prepared for the court" (*People v. Jones* (1998) 17 Cal.4th 279, 319 (conc. opn. of Mosk, J.)); "[o]bviously, I concur fully in the majority opinion I have authored" (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 378 (conc. opn. of Chin, J.)).

I write separately to explain my disagreement with the chosen disposition that my colleagues favor.  Upon determining on the merits that a defendant is not eligible for relief under section 1170.126, the proper disposition should be to dismiss the matter because denial of the petition accordingly did not affect any substantial right of the defendant.  (See *People v. Elder* (2014) 227 Cal.App.4th 1308, 1318, 1320-1321 (conc. & dis. opn. of Butz, J.).)  (***CERTIFIED FOR PUBLICATION***)

                                              BUTZ         , J.