Filed 7/16/15  P. v. Johnson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NATHANIEL JOHNSON, JR.<br><br>Defendant and Appellant. | 2d Crim. No. B262605<br>(Super. Ct. No. F439849)<br>(San Luis Obispo County) |

Nathaniel  Johnson, Jr. appeals from an order denying his petition to recall his sentence and reduce his burglary conviction to a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18).[1]  In 2010, appellant was convicted of first degree burglary (§ 459) and three robberies (§ 211) with special findings that he personally used a deadly weapon (a knife) on two on the robbery counts.  (§ 12022, subd. (b)(1).)  Appellant was sentenced to 24 years 8 months state prison.  In 2011, we affirmed the conviction in an unpublished opinion.  (B223724.)

On December 3, 2013, appellant filed a petition to recall his sentence and have the burglary conviction reduced to a misdemeanor.  On January 29, 2015, the trial

---

[1] All statutory references are to the Penal Code.

court denied the petition on the motion on the ground that the first degree burglary conviction did not qualify for a sentence reduction. (§ 1170.18, subd. (a).)

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed a brief raising no issues.

On June 18, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On June 26, 2015, appellant submitted a letter brief stating, among other things, that his due process rights were violated because he was not transported to court when the petition was heard and denied. The record reflects that appellant was represented by counsel at the hearing. Section 1170.18 affords appellant a right to a resentencing hearing only upon a showing that he is eligible. (See e.g., *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [discussing Proposition 36, § 1170.126].) "[D]ue process does not command a *hearing* on the threshold criteria that establish entitlement to resentencing." (*Id.*, at p. 7.)

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment (order denying petition to recall sentence) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

2

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, Richard B. Lenon, Staff Attorney, for Defendant and Appellant.

No appearance for Respondent.