Filed 4/21/16  P. v. Wheaton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARREN TODD WHEATON,<br><br>Defendant and Appellant. | F070712<br><br>(Fresno Super. Ct. No. F96558913)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Marcia C. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Peña, J.

Defendant/appellant Darren Todd Wheaton appeals from the denial of his petition to recall his sentence pursuant to the Three Strikes Reform Act of 2012 (the Act). We agree with the trial court that defendant is ineligible for resentencing and affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

The opinion issued by this court affirming defendant's convictions (*People v. Wheaton* (Nov. 21, 1997, F026986) [nonpub. opn.]) is the primary source of the following factual summary. In 1996, defendant was convicted of six counts of second degree robbery (Pen. Code, §§ 211, and 212.5, subd. (c))[1] and one count of conspiracy to commit robbery (§§ 182, subd. (a)(1), and 211). The trial court also found true the allegations that defendant had suffered three prior convictions that constituted both strikes pursuant to section 667, subdivisions (b) through (i), and serious felony convictions pursuant to section 667, subdivision (a) and 1192.7, subdivision (c). He was sentenced to a total prison term of 165 years to life.

In 2014, defendant filed a petition seeking recall of his sentence pursuant to the provisions of section 1170.126. The trial court summarily denied the petition finding defendant was ineligible for resentencing. Defendant appeals from denial of his petition.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting that after reviewing the record she could not identify any arguable issues in this case. By letter dated March 18, 2015, we invited defendant to inform the court of any issues he wished addressed. Defendant did not respond to our letter. After thoroughly reviewing the record, we agree with appellate counsel there are no arguable issues.

---

[1] All statutory references are to the Penal Code.

Defendant sought review pursuant to the Act, which, in part, enacted section 1170.126. Section 1170.126 defines those eligible for resentencing as inmates serving an indeterminate third strike sentence, and

(1) not serving a sentence for a crime that is listed as a serious or violent felony (§§ 667.5, subd. (c) and 1192.7, subd. (c)),

(2) not serving a sentence for a crime committed under the circumstances listed in section 667 subdivision (e)(2)(C) clauses (i) through (iii), or section 1170.12, section (c)(2)(C), clauses (i) through (iii), and

(3) who does not have a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C), clause (iv), or section 1170.12, subdivision (c)(2)(C), clause (iv). (§ 1170.126, subd. (e).)

If an inmate is eligible under the statute, then he must be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Accordingly, section 1170.126 requires the trial court to conduct a two-step analysis. First, the trial court must determine if the inmate is eligible for resentencing. If the inmate is eligible for resentencing, then the trial court must decide if resentencing the inmate would pose an unreasonable risk of danger to public safety. An inmate will be resentenced only if he or she is eligible, and the trial court concludes he or she does not pose an unreasonable risk of danger to public safety. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1299.) If the inmate is ineligible for resentencing, or the trial court concludes in the exercise of its discretion the inmate would pose an unreasonable risk of danger to public safety, then the petition is denied.

The trial court concluded defendant was ineligible for resentencing because his prior convictions were both violent and serious felonies. Section 667.5, subdivision (c)(9) provides that "any robbery" is a violent felony. Section 1192.7, subdivision (c)(19) provides that robbery is a serious felony. Because defendant was

3.

serving a third strike sentence for six crimes, each of which was a violent felony and a serious felony, he is ineligible for resentencing pursuant to the terms of the Act. (§ 1170.126, subd. (e)(1).)

Although defendant did not respond to our invitation to identify any issues he wished us to address, in her brief appellate counsel stated defendant believed his right to due process was violated by the trial court's summary denial of his petition. This issue has been rejected by two published opinions, *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6–8 and *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341. These cases have concluded that due process does not require a hearing on the issue of eligibility because the question does not require the trial court to consider new evidence, but is limited to the record of conviction. (*People v. Oehmigen*, *supra*, 232 Cal.App.4th at pp. 6–7; *People v. Bradford*, *supra*, 227 Cal.App.4th at p. 1341.) Moreover, *Oehmigen* interpreted section 1170.126 as providing the right to a hearing only if the defendant is deemed eligible for resentencing. (*People v. Omehmigen*, *supra*, 232 Cal.App.4th at p. 6.) We agree with these cases and conclude defendant's right to due process was not denied by the summary denial of his petition.

## DISPOSITION

The order denying defendant's petition is affirmed.