Filed 9/7/21  P. v. Ramirez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047929 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC120254) |
| v. | |
| GLEN ALLEN RAMIREZ, | |
| Defendant and Appellant. | |

In 2002, a jury convicted defendant Glen Allen Ramirez of spousal rape (Pen. Code, § 262, subd. (a)(1)),[1] forcible oral copulation (former § 288a, subd. (c)(2)) and infliction of corporal injury on a spouse (§ 273.5, subd. (a)).  The trial court sentenced Ramirez to a total term of 80 years to life consecutive to 18 years, which included a five-year enhancement for a prior serious felony conviction under section 667, subdivision (a).

In 2020, the secretary of the Department of Corrections and Rehabilitation (CDCR) wrote a letter to the trial court recommending that Ramirez's sentence be recalled under section 1170, subdivision (d)(1).  In its letter, the CDCR cited to recent legislative amendments that now permit a trial court to exercise its discretion to strike prior serious felony convictions under section 1385.  The trial court declined to recall Ramirez's sentence "simply to avoid the lack of retroactivity" of Senate Bill No. 1393.

_____

[1] Unspecified statutory references are to the Penal Code.

On appeal, Ramirez argues that the trial court abused its discretion by failing to recognize the full breadth of its discretion to recall his sentence and by failing to give him the opportunity to provide information in support of the CDCR's recommendation. Ramirez further argues that the CDCR's filing of a letter recommending recall of his sentence triggered his Sixth Amendment right to counsel, and the trial court erroneously found it lacked the authority to strike his prior serious felony conviction. The Attorney General agrees that remand is appropriate because the trial court did not exercise informed discretion when it declined to recall Ramirez's sentence. We reverse and remand the matter to the trial court to exercise its discretion under section 1170, subdivision (d)(1).

## I. BACKGROUND

### A. *Ramirez's Offenses, Conviction, and Sentence*[2]

On March 18, 2002, Ramirez was charged by information with forcible spousal rape (§ 262, subd. (a)(1); count 1), forcible oral copulation (former § 288a, subd. (c)(2)); count 2), and infliction of corporal injury on a spouse (§ 273.5, subd. (a); count 3). As to all three counts, it was alleged that Ramirez personally used a deadly or dangerous weapon (§ 12022.3) and inflicted great bodily injury (§§ 12022.7, 12022.8). It was also alleged that Ramirez had a prior strike (§§ 667, subd. (b)-(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)).

On April 26, 2002, a jury convicted Ramirez of all the charged counts. The trial court sentenced Ramirez to 50 years to life on count 1, 30 years to life on count 2, and 18 years for count 3, for an aggregate term of 80 years to life consecutive to 18 years.

---

[2] The underlying facts of Ramirez's offenses are not relevant to the issues raised on appeal. A detailed recitation of the factual and procedural background of this case can be found in this court's unpublished opinion in Ramirez's prior appeal (*People v. Ramirez* (April 21, 2004, H024432) [nonpub. opn.]). We previously granted Ramirez's request for judicial notice of this court's unpublished opinion.

2

The sentence included a five-year enhancement for Ramirez's prior serious felony conviction under section 667, subdivision (a).

B. ***The CDCR's Letter***

On January 9, 2020, the CDCR wrote a letter to the trial court. The letter stated, "The purpose of this letter is to provide the court with authority to resentence [Ramirez] pursuant to Penal Code section 1170, subdivision (d)." The letter went on to state, "This section provides that, upon recommendation of the [CDCR], the court may recall a previously ordered sentence and commitment, and resentence the defendant in the same manner as if he had not previously been sentenced, provided the new sentence is no greater than the initial sentence."

The CDCR's letter then stated: "Inmate Ramirez was sentenced in 2002 following his conviction for violating section(s) 273. Furthermore, Ramirez's sentence was enhanced pursuant to section 667, subdivision (a)(1). That section provides for the imposition of a consecutive five-year enhancement on any person convicted of a serious felony for each previous conviction of a serious felony (or other qualifying conviction) brought and tried separately. [¶] Courts were previously barred from striking prior serious felony convictions for purposes of enhancement under this section. However, effective September 30, 2018, courts are now authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement under this section, or to strike the punishment for the enhancement under this section, pursuant to section 1385. [¶] In light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1) (authority which did not exist at the time of Ramirez's sentencing) I recommend that inmate Ramirez's sentence be recalled and that he be resentenced in accordance with section 1170, subdivision (d)."

The CDCR attached various supporting documents to its letter, including documents that showed Ramirez's completion of self-help programs while incarcerated,

3

his participation in prison work assignments, and his prison disciplinary record, which showed that he had no disciplinary violations.

C. ***The Trial Court's Order***

On February 19, 2020, the trial court declined to recall Ramirez's sentence. In its written order, the trial court stated: "The [CDCR's] request states one justification for the recommendation [to recall Ramirez's sentence]: that Mr. Ramirez'[s] sentence includes a 5-year enhancement (Pen. Code, section 667(a)) and as of January 1, 2018, SB 1393 gave trial courts the authority to stay or strike the punishment for these enhancements. [¶] SB 1393 applies to any case not final on appeal when the law went into effect. [Citation.] Mr. Ramirez'[s] case, however, had been final on appeal for many years as of January 1, 2018. This court declines to extend the reach of SB 1393 to cases final on appeal as of January 1, 2018. If the [L]egislature desired that SB 1393 be retroactive, it could have included specific language in the statute specifying such a desire. [¶] While this court recognizes that a recommendation from the [CDCR] gives this court the authority to recall a sentence, the court will decline to use that authority simply to avoid the lack of retroactivity of SB 1393. [¶] As this was the only reason stated in the recommendation, the court declines the invitation to recall the sentence in this case. The sentence will remain as originally ordered."

## II. DISCUSSION

Ramirez argues that remand is required because the trial court's decision not to recall his sentence demonstrates that it misunderstood the scope of its discretion under section 1170, subdivision (d)(1). Ramirez further argues that the trial court erroneously declined to recall his sentence without giving him an opportunity to respond, and the filing of the CDCR's recommendation letter triggered the Sixth Amendment right to counsel. Lastly, Ramirez argues that Senate Bill No. 1393 is applicable to his case should the trial court decide to recall his sentence under section 1170, subdivision (d)(1).

4

A. *General Legal Principles and Standard of Review*

"Section 1170[, subdivision] (d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).)

Under section 1170, subdivision (d)(1), the trial court may, "at any time upon the recommendation of the [CDCR] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." "[T]he [CDCR's] recommendation letter is but an invitation to the court to exercise its equitable jurisdiction." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866 (*Frazier*).) When resentencing, "[t]he court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (§ 1170, subd. (d)(1).)

Administrative regulations describe when the CDCR may recommend that a trial court recall an inmate's sentence, which includes "[w]hen there is a change in sentencing law . . . ." (Cal. Code of Regs., tit. 15, § 3076.1, subd. (a)(3).) The CDCR may recommend recalling an inmate's sentence under section 1170, subdivision (d)(1) if "the applicable sentencing laws at the time of [the inmate's] sentencing hearing are subsequently changed due to new statutory or case law authority with statewide application." (Cal. Code of Regs., tit. 15, § 3076.1, subd. (d)(1).) However, an inmate will be excluded from recommendation under certain circumstances even if there is new statutory or case law authority. (*Id.*, subd. (d)(2).) For example, inmates who have not yet served five continuous years or 50 percent of their current commitment or inmates

who have been found guilty of certain serious or violent rules violations are excluded from consideration under the administrative regulations. (*Id.*, subd. (d)(2)(A) & (B).) Initial eligibility is determined by the Classifications Services Unit or the Correctional Case Records Unit, and once an inmate is found eligible, a cumulative case summary is prepared, and the matter is referred to the CDCR. (*Id.*, subd. (d)(3), (d)(3)(B).) The CDCR must reach a decision on any referred matters within 10 business days (*id.*, subd. (e)(1)) of its receipt, and, pursuant to the CDCR's "broad discretion," the CDCR's decision is final and not subject to administrative review. (*Id.*, subd. (e)(4).)

The trial court may exercise its authority to recall a sentence under section 1170, subdivision (d)(1) for "any reason rationally related to lawful sentencing." (*Dix, supra,* 53 Cal.3d at p. 456.) We review the trial court's decision whether to recall a sentence under section 1170, subdivision (d)(1) for an abuse of discretion. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211 (*McCallum*).) "An abuse of discretion may be shown where the trial court was mistaken about the scope of its discretion." (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 668 (*Zeigler*).)

B. ***Scope of the Trial Court's Discretion Under Section 1170, subdivision (d)***

Ramirez argues that the CDCR's recommendation to recall his sentence was not based solely on his prior serious felony conviction. Ramirez also argues that the trial court was not confined to resentence him only on the basis recommended by the CDCR. Thus, Ramirez insists that the trial court erroneously focused on the question of whether Senate Bill No. 1393 applied to his case and "failed to recognize the full breadth of discretion conferred upon it by virtue of the [CDCR's] recommendation."

The Attorney General agrees with Ramirez and argues that "the trial court did not exercise informed discretion with respect to the [CDCR's] recommendation." The Attorney General claims that "[i]t is evident that the court misunderstood the [CDCR's] letter as an effort to subvert legislative intent by recommending that appellant receive the retroactive benefit of a change in law that was not otherwise retroactive to final

6

judgments." The Attorney General notes that the letter could have been clearer in explaining the basis for the recommendation for recall of Ramirez's sentence. However, "[r]ather than an attempt to subvert the retroactivity limitation of SB 1393, the recommendation was the product of a multilevel, individualized determination that appellant was suitable for resentencing." Thus, the Attorney General agrees with Ramirez that "[b]ecause the trial court apparently did not appreciate the individualized nature of the [CDCR's] recommendation, remand is appropriate for the court to exercise its informed discretion regarding whether to grant or deny recall and resentencing."

After a careful review of the trial court's written order declining to recall Ramirez's sentence, we agree that remand is appropriate. In its written order, the trial court correctly concluded that Senate Bill No. 1393 retroactively applies only to those judgments that are not yet final. (See *People v. Stamps* (2020) 9 Cal.5th 685, 693, 699.) The trial court, however, mistakenly believed that the CDCR's recommendation was an attempt "to avoid the lack of retroactivity of SB 1393." Although the impetus for the CDCR's recommendation under section 1170, subdivision (d)(1) was the possibility that an ameliorative change in the law could be applied to Ramirez's case, the letter reflected the CDCR's individualized recommendation, based on an assessment of multiple factors, that Ramirez's sentence should be recalled. (Cal. Code of Regs, tit. 15, § 3076.1, subds. (d), (e)(4).) The individualized nature of this assessment is evidenced by the documents attached to the recommendation letter that showed Ramirez's participation in self-help programs, his participation in work assignments, and his prison disciplinary record.

The trial court in this case decided not to recall Ramirez's sentence because it "decline[d] to extend the reach of SB 1393 to cases final on appeal as of January 1, 2018," and it "decline[d] to use that authority simply to avoid the lack of retroactivity of Senate Bill 1393." Although the trial court may exercise its authority to recall a sentence under section 1170, subdivision (d) for "any reason rationally related to lawful

7

sentencing" (*Dix*, *supra*, 53 Cal.3d at p. 456), it appears that the trial court misunderstood the nature of the CDCR's recommendation and instead relied on principles of retroactivity and its determination that Senate Bill No. 1393 should not apply to final judgments. The trial court also erroneously appears to have believed that it was confined to resentencing Ramirez based solely on the ground identified by the CDCR in its letter and that upon resentencing, it could only exercise its discretion to strike the prior serious felony conviction. Section 1170, subdivision (d)(1), however, provides for no such limitation and states that upon recall of a defendant's sentence, the trial court may "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." Thus, upon recalling a sentence under section 1170, subdivision (d)(1), the trial court is entitled to reconsider all of its sentencing choices. "[T]he resentencing authority conferred by section 1170[, subdivision] (d) is as broad as that possessed by the court when the original sentence was pronounced." (*Dix*, *supra*, 53 Cal.3d at p. 456.)

Accordingly, the trial court appears to have been "mistaken about the scope of its discretion" to recall Ramirez's sentence under section 1170, subdivision (d). (*Zeigler*, *supra*, 211 Cal.App.4th at p. 668.) We therefore vacate the trial court's order and remand the matter so that the trial court may exercise its informed discretion and decide whether to recall Ramirez's sentence. We express no opinion on how the trial court should exercise its discretion on remand.[3]

---

[3] We note that the Attorney General argues that when rendering its decision on remand, the trial court "must consider [Ramirez's] postconviction conduct in prison." Section 1170, subdivision (d)(1), however, provides that the trial court "*may* consider postconviction factors" such as prison disciplinary records when making its resentencing determination. (Italics added.) There is nothing in the statutory scheme that requires the trial court to consider prison disciplinary records.

C. *Applicability of Senate Bill No. 1393*

Ramirez argues that should the trial court decide to recall his sentence under section 1170, subdivision (d)(1), the trial court has the authority to decide whether to strike his prior serious felony conviction under section 1385 given the enactment of Senate Bill No. 1393. The Attorney General agrees that if Ramirez's sentence is recalled, Senate Bill No. 1393 would apply.

The California Supreme Court is presently considering a related issue in the context of the applicability of Proposition 57 in several cases including *People v. Federico* (2020) 50 Cal.App.5th 318, review granted August 26, 2020, S263082 and *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted August 26, 2020, S263375. In granting review of *Padilla*, the Supreme Court stated: "This case presents the following issue: When a judgment becomes final, but is later vacated, altered, or amended and a new sentence imposed, is the case no longer final for the purpose of applying an intervening ameliorative change in the law?"

We do not reach the issue of the applicability of Senate Bill No. 1393. The trial court is not required to follow the CDCR's recommendation to recall Ramirez's sentence, and it would be premature for us to decide whether the trial court can exercise its discretion to strike the prior serious felony enhancement under section 1385. Therefore, we believe that it is appropriate for the trial court to consider this issue in the first instance if it decides to recall Ramirez's sentence under section 1170, subdivision (d)(1).

D. *Ability to Present Materials in Support of the CDCR's Recommendation*

Next, Ramirez argues that he must be given the opportunity to submit information and present supplemental materials in support of the CDCR's recommendation.[4]

---

[4] In his opening brief, Ramirez claims that there is nothing in the record that reflects that the CDCR's recommendation letter was forwarded to him. We disagree. The record reflects that the trial court received the CDCR's letter on January 21, 2020. (continued)

Since we remand the matter back to the trial court, Ramirez will be given the opportunity present supplemental materials. Moreover, the trial court will be required to consider the materials, if any, that Ramirez submits. (See *McCallum*, *supra*, 55 Cal.App.5th at p. 217 ["upon a request by [the inmate], the trial court was required to consider evidence in support of the [CDCR's] recommendation"].)

### E. *Right to Counsel*

Finally, Ramirez argues that the CDCR's filing of a letter recommending recall of his sentence triggered his Sixth Amendment right to counsel.

The Second District rejected a nearly identical argument in *Frazier*, *supra*, 55 Cal.App.5th 858. In *Frazier*, the Court of Appeal held that "the Sixth Amendment right to counsel at critical stages of a criminal proceeding through sentencing does not apply to postjudgment collateral changes [citations], including statutory petitions seeking a more ameliorative sentence [citations], at least prior to the actual recall of sentence." (*Id.* at pp. 865-866.) *Frazier* held that the filing of a recommendation letter under section 1170, subdivision (d)(1) "furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence; it does not trigger a due process right to a hearing [citation], let alone any right to the recommended relief." (*Frazier*, *supra*, at p. 866.)

In its decision, *Frazier* noted that a summary refusal to follow the CDCR's recommendation under section 1170, subdivision (d)(1) is an appealable postjudgment

---

According to the applicable administrative regulations, if the CDCR elects to recommend an inmate for recall and resentencing, "a recommendation letter and Cumulative Case Summary shall be forwarded to the sentencing court and a copy shall be provided to the inmate and another copy placed in the inmate's central file within 10 business days of the decision." (Cal. Code of Regs., tit. 15, § 3076.1, subd. (e)(2).) There is nothing in the record to reflect that Ramirez did not receive a copy of the letter as required under the relevant regulations, and in the absence of any contrary indications, we must "presume[] that official duty has been regularly performed." (Evid. Code, § 664.) Regardless, since we remand the matter to the trial court, Ramirez will have the opportunity to submit materials on his own behalf.

10

order affecting a defendant's substantial rights. (*Frazier*, *supra*, 55 Cal.App.5th at p. 867; see *People v. Loper* (2015) 60 Cal.4th 1155, 1168 [denial of recommendation for compassionate release under § 1170, subd. (e) is appealable postjudgment order affecting substantial rights].) *Frazier*, however, concluded that "[t]here simply is no constitutional right to counsel or a hearing in connection with every postjudgment request with the potential to affect a substantial right." (*Frazier*, *supra*, at p. 867.) For example, the summary denial of a petition for recall and resentencing under Proposition 36 is an appealable postjudgment order affecting a defendant's substantial rights. (*Frazier*, *supra*, at p. 867; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601 [denial of petition for resentencing under Proposition 36 is appealable].) Due process, however, does not require a hearing on the trial court's initial eligibility determination under Proposition 36. (*Frazier*, *supra*, at p. 867; *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7-8 [due process requires no hearing on a defendant's eligibility for Proposition 36 relief].)

We find *Frazier* persuasive and conclude that the filing of a "recommendation letter inviting the court to exercise its jurisdiction pursuant to section 1170, subdivision (d)(1), to recall a sentence, without more, does not trigger a due process right to counsel." (*Frazier*, *supra*, 55 Cal.App.5th at p. 869.) Our conclusion is limited to Ramirez's contention that he has a right to counsel based solely on the CDCR's filing of a recommendation letter. We are not called upon to consider whether Ramirez would have a due process right to counsel should the trial court elect to recall his sentence.

### III. DISPOSITION

The trial court's February 19, 2020 order is reversed, and the matter is remanded to the trial court to exercise its discretion under Penal Code section 1170, subdivision (d)(1) to recall and resentence defendant.

11

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

DANNER, J.

***People v. Ramirez***
**H047929**